**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| EUGENE A. ECHEVERRIA,<br>    Appellant, | DOCKET NUMBER<br>DE-0752-19-0116-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>    Agency. | DATE: June 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David J. Holdsworth</u>, Esquire, Sandy, Utah, for the appellant.

<u>Jason D. Marsh</u>, Esquire, and <u>Darrin K. Johns</u>, Esquire, Hill Air Force Base, Utah, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed by the agency as a Logistics Management Specialist in the Air Force Life Cycle Management Center. Initial Appeal File (IAF), Tab 10 at 10. On December 11, 2018, the agency proposed his removal for conduct unbecoming a Federal employee based on two incidents regarding drug and drug paraphernalia possession. *Id.* at 26-28. Following an oral and written response to the proposed removal, the agency removed the appellant, effective January 23, 2019. *Id.* at 13-22.

The appellant appealed the removal action to the Board, and a hearing was held on April 26, 2019. IAF, Tabs 1, 25, Hearing Compact Disc (HCD). During the hearing, the parties indicated that they had reached a settlement agreement but needed additional time to finalize the terms. HCD. Thereafter, the agency filed a motion to dismiss the appeal as settled, attaching the settlement agreement, which was executed on May 23, 2019, by the appellant, his attorney, and the agency representative. IAF, Tab 27. As a part of the agreement, the appellant agreed to withdraw any Board appeals and to release the agency from any claims. *Id.* at 4.

The administrative judge issued an initial decision dismissing the appeal as settled. IAF, Tab 28, Initial Decision (ID). He stated that he reviewed the

agreement and found that the parties understood and freely agreed to the terms of the agreement, that the parties wanted the agreement entered into the record so that the Board will retain jurisdiction to enforce its terms, and that the agreement is lawful on its face. ID at 1-2. The administrative judge accepted the settlement agreement into the record and dismissed the appeal. ID at 2.

The appellant has filed a petition for review claiming that he involuntarily entered into the settlement agreement. Petition for Review (PFR) File, Tab 1 at 4-5. He also argues that the underlying charge is based on improperly obtained evidence and false information, and that the agency violated the terms of the applicable collective bargaining agreement (CBA). *Id.* at 6-10. He has also submitted a character statement from a coworker, a printout from an incident report from the Sheriff's Office for the county where the agency facility is located, and a printout from the Administrative Office of the United States Courts. PFR File, Tabs 2-4. The agency has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The parties' settlement agreement is valid.</u>

A party may challenge the validity of a settlement agreement if he believes that it is unlawful, involuntary, or the result of fraud or mutual mistake. *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013). To establish that a settlement was fraudulent as a result of coercion or duress, a party must prove that he involuntarily accepted the other party's terms, that the circumstances permitted no other alternative, and that such circumstances were the result of the other party's coercive acts. *Id.* The party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidating the agreement. *Id.*

Here, the appellant claims that the settlement was involuntary because the administrative judge only heard the agency's side of the case and pressured him to settle without providing him a chance to present his side of the case. PFR File,

Tab 1 at 4-5. Specifically, the appellant asserts that the administrative judge told him that he "might as well settle . . . because . . . he was not going to believe a word [the appellant] said in [his] defense anyway." *Id.* at 5. The Board has held that when an appellant alleges that an administrative judge put so much pressure on him to vitiate his consent, he must present the same sort of evidence that he would otherwise be required to put forth if the allegation was against another party to the litigation. *Compare Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280 (1991), *with Hinton*, 119 M.S.P.R. 129, ¶ 4.

We find that the appellant's allegations are insufficient to establish that he involuntarily entered into the agreement as a result of the administrative judge's actions. First, the appellant has offered no evidence on review beyond his bare assertions to support his claim that the administrative judge pressured him into entering the agreement, nor has he claimed that he lacked any meaningful alternative. PFR File, Tab 1 at 4-5. Further, looking to the terms of the agreement, the beginning paragraph and closing paragraph include language stating that the parties entered into the agreement freely and voluntarily. IAF, Tab 27 at 4, 6. Moreover, the appellant was represented by counsel when he signed the settlement agreement, *id.* at 6, and the Board has considered that as a factor weighing against a finding of involuntariness, *see Coker v. Department of Commerce*, 111 M.S.P.R. 523, ¶ 9 (2009) (considering the fact that the appellant was represented by counsel in negotiating a settlement agreement as a factor in finding that he could not collaterally challenge the settlement agreement). Accordingly, we find the appellant's argument that he entered into the settlement agreement involuntarily to be unconvincing.[2]

---

[2] To the extent the appellant's allegations amount to claims that the administrative judge was biased, we similarly find the appellant's claims insufficient. An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant's assertions here do not meet this rigorous standard.

<u>The appellant's remaining arguments on review do not provide a basis to disturb the initial decision.</u>

As stated above, the appellant also argues that the underlying charge is based on improperly obtained evidence and false information.[3]  PFR File, Tab 1 at 6-7.  He also renews his argument from below, made prior to the settlement agreement, IAF, Tab 9, that the agency engaged in harmful procedural error when it failed to comply with certain terms of the CBA, PFR File, Tab 1 at 7-10. We need not consider either claim, however, because the appellant chose not to pursue them when he agreed to settle his appeal with a term in the settlement agreement that he would not pursue the issues raised in the appeal.  IAF, Tab 27 at 4; *see Young v. Department of the Interior*, 76 M.S.P.R. 501, 504 (1997) (finding that an appellant chose not to pursue his affirmative defense when he agreed to settle his appeal).

Based on the foregoing, we deny the appellant's petition for review and affirm the initial decision dismissing the appellant's appeal as settled.[4]

---

[3] In his petition for review, the appellant claims that the agency's actions regarding the underlying action constitute "fraud."  PFR File, Tab 1 at 6-7.  We clarify that these allegations do not amount to allegations of fraud in the inducement of the settlement agreement because they do not address the parties' negotiation process and only concern the merits of the underlying action, thereby making them irrelevant to our consideration of the validity of the settlement agreement.  *See Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 7 (2010) (defining "fraud in the inducement" as a misrepresentation that leads another to enter into a transaction with a false impression of the risks, duties, or obligations involved).

[4] As discussed above, the appellant also submitted three additional documents on review.  PFR File, Tabs 2-4.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Additionally, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  The appellant has not shown that any of the three documents submitted on review were unavailable before the record closed despite his due diligence, nor has he shown that they concern the settlement agreement at issue here, thereby failing to demonstrate that they are of sufficient weight to warrant an outcome different from that of the initial decision.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.